IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN MARKER and LINDSEY MARKER, Husband and Wife, | ) ) ) No. 2:24-cv-01559-RJC ) ) ) Judge Robert J. Colville ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| DARDEN RESTAURANTS, INC. d/b/a Longhorn Steakhouse, GMRI, INC., PIECE MANAGEMENT, INC., ACE BUILDING & REMODELING, LLC, and AJ INOV8, LLC d/b/a Mr. Electric of Cranberry Township, | |
| Defendants. | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

    Before the Court is the Motion to Remand and Award Attorney's Fees (ECF No. 14) filed by Plaintiffs' Kevin Marker and Lindsey Marker. The Motion has been fully briefed and is ripe for disposition.

    **I.    Factual Background & Procedural History**

    Plaintiffs originated this case by filing a Complaint (ECF No. 5, Ex. A) in the Court of Common Pleas Allegheny County. Defendants, Darden and GMRI, filed a Notice of Removal (ECF No. 5) bringing this matter before this Court. In the Complaint, Plaintiffs set forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

    This action arises out of a workplace injury that occurred when Plaintiff, Kevin Marker, was repairing a door at Defendant, Darden d/b/a Longhorn Steakhouse. Compl. ¶ 19. While working, Mr. Marker was struck by a piece of duct work believed to be dropped by an employee

1

of Defendant, AJ INOV8 d/b/a Mr. Electric.  *Id.* ¶ 21.  Employees of Defendants Piece and Ace were also working in the area in question.  *Id.* ¶ 28.

Plaintiffs are alleged to be Pennsylvania residents.  *Id.* ¶¶ 1, 2.  Defendants Darden d/b/a Longhorn Steakhouse and GMRI are alleged to be incorporated in Florida.  *Id.* ¶¶ 3, 4.  Defendant Piece is alleged to have its principal place of business in New York.  *Id.* ¶ 9.  Defendant Ace is alleged to be incorporated in Ohio.  *Id.* ¶ 12.  Defendant AJ INOV8 d/b/a Mr. Electric is alleged to be a Pennsylvania company.  *Id.* ¶ 15.

On December 9, 2024, Plaintiffs filed a Motion to Remand (ECF No. 14).  On December 23, 2024, Defendants, Darden, GMRI, Ace, and Piece, filed a Response along with their Brief in Opposition to the Motion to Remand.  ECF No. 17.  On December 30, 2024, Plaintiffs filed their Reply.  ECF No. 21.  On June 6, 2025, Plaintiffs filed their Supplement.  ECF No. 38.

**II.    Legal Standard**

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court."  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).  Original federal court jurisdiction can be based either on federal question jurisdiction or on diversity of citizenship jurisdiction.  *USAA Fed. Sav. Bank v. Belfi*, No. CV 19-3607, 2020 WL 5763585, at *2 (E.D. Pa. Sept. 28, 2020).  Defendants removed this matter to the federal courts based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a), which provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

"Federal courts are courts of limited jurisdiction."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104 (1982).  "[T]here is no presumption that they have

subject matter jurisdiction to adjudicate a particular case." *Allison v. Chesapeake Energy Corp.*, No. CIV.A. 12-0900, 2013 WL 787257 (W.D. Pa. Jan. 29, 2013) (quoting *Martin v. Wal-Mart Stores, Inc.,* 709 F. Supp. 2d 345, 346 (D.N.J. 2010)). "When assessing a plaintiff's motion to remand, 'removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Belfi*, 2020 WL 5763585, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). As such, the Court views all removals with suspicion and heavily favors remand. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The facts available to the Court for a remand analysis are limited to those in the record, and such an analysis heavily favors the allegations of one party over the other. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). The Court's inquiry "must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must accept as true all factual allegations in the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### a. Sum in Controversy

To establish that the matter in controversy exceeds the sum or value of $75,000, the moving party "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). There is no additional requirement for "evidentiary submissions." *Id.* Rather, based on the pleadings, courts should use "a reasonable reading of the value of the rights being litigated" to

3

determine whether the sum in controversy meets the diversity of citizenship jurisdiction dollar-amount threshold.  *Shiley*, 989 F.2d at 146.

### b. Establishing Citizenship

A person is considered a citizen of the state where he is, she is, or they are domiciled.  *See Gilbert v. David*, 35 S. Ct. 164 (1915).  A corporation or other similar entity (other than an unincorporated association) is a citizen "of every State . . . [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c).

### c. Diversity of Citizenship

For diversity of citizenship jurisdiction to exist, the party asserting jurisdiction in federal court "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are [diverse] citizens." *Am. Motorists Ins. Co. v. Am. Emp'rs Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).  Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant.  If any two persons or entities on opposing sides are citizens of the same state, diversity is defeated, and the case would properly belong in state court.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

## III. Discussion

Plaintiffs argue that this matter should be remanded because there is not complete diversity between the parties.  Mot. at 4-5.  Additionally, Plaintiffs argue that removal was improper because the removing Defendants did not obtain consent from all Defendants prior to removing this action.  *Id.*  Defendants argue that because they engaged in a process known as snap removal, this Court has jurisdiction over this action.  Br. in Opp. at 6.  In so arguing, Defendants rely on the Third

Circuit's decision in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018). *Id.*

Defendants misapply *Encompass*. In *Encompass*, the plaintiff, a citizen of Illinois, brought an action against the defendant, a citizen of Pennsylvania. *Encompass*, 902 F.3d at 149. The defendant then removed the case to federal court prior to being served in a type of removal known as snap removal. *Id.* at 150. The Third Circuit applied the forum defendant rule, which prohibits a defendant that is a citizen of the forum state from removing the case to federal court when jurisdiction is based solely on diversity, and held that removal was proper because a forum defendant can remove an action prior to being served. *Id.* at 153-54.

However, the forum defendant rule and snap removal are only relevant when there is complete diversity between the parties. In relying on *Encompass*, Defendants have missed one key element – unlike in *Encompass*, here there is not complete diversity between the parties. Plaintiffs and Defendant AJ INOV8 are both residents of Pennsylvania, a fact which no Defendant disputes.[1] As such, the issue before this Court is whether the Court may exercise jurisdiction over non-diverse parties when the action was removed prior to the non-diverse party being served. The majority of courts to address this issue have found that snap removal is not proper where there is a non-diverse defendant. *See Keyser v. Toyota Material Handling Northeast, Inc.*, Civil Action No. 1:20-cv-10584, 2020 WIL 7481598, *2 (D. N.J. Dec. 18, 2020) (granting motion to remand and finding that snap removal was not proper where there was not complete diversity between the parties); *Stanley v. Lowe's Companies, Inc.*, Civil Action No. No. 19-15436, 2020 WL 1531387, at *4 (D. N.J. Mar. 31, 2020); *Mecca v. Ecosphere, LLC*, No. 20-cv-12769, 2020 WL 6580855, at *4 (D. N.J. Nov. 10, 2020); *Janaski v. Dettore*, Civil Action No. 15-00572, 2020 WL 1573670, at

---

[1] In its Answer, Defendant AJ INOV8 admits that it is a Pennsylvania corporation. ECF No. 33 at ¶ 15.

*2 (E.D. Pa. April 9, 2015); *Castner v, Exxon Co., USA.*, 563 F. Supp. 684, 687 (E.D. Pa. 1983); *Mount Olivet Tabernacle Church v. Emerson Elec. Co.*, No. 96-cv-8529, 1997 WL 89119, at *4 (E.D. Pa. Feb. 26, 1997); *Dillard v TD Bank*, 1:20-cv-07886, 2020 WL 1085461 at *3 (D. N.J. March 22, 2021); *Hampton v. Speedway, LLC*, Civil Action No. 20-6279, 2021 WL 1339953, at *2 (E.D. Pa. April 9, 2021).

As such, the removing Defendants have not met their burden of establishing jurisdiction because complete diversity does not exist on the face of the Complaint. Defendant AJ INOV8, whether served prior to removal or not, is a Pennsylvania resident, the same as Plaintiffs. Therefore, at the time of removal, there was not complete diversity. Further, Defendants have raised no argument that any Defendant was fraudulently joined. Therefore, the Court lacks subject matter jurisdiction and Plaintiffs' Motion to Remand is granted.

Because the Court has determined that remand is appropriate, the Court must consider whether Plaintiffs are entitled to attorney's fees as requested. The Supreme Court is clear that, "absent unusual circumstances attorney's fees should not be awarded when the removing party has an objectionably reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, the Court declines Plaintiffs' request for attorney's fees because the Court cannot conclude that Defendants had no objectively reasonably basis for removal.

### IV. Conclusion

For the reasons discussed above, the Court will grant Plaintiffs' Motion to Remand and deny Plaintiffs' request for attorney's fees. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 14, 2025

cc: All counsel of record